IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARL D. HAYES, JR.
530 Winding Rose Dr
Rockville, Maryland 20850
Montgomery County

      Plaintiff

v.

HOLY CROSS HOSPITAL OF SILVER
SPRING, INCORPORATED
1500 Forest Glen Road
Silver Spring, Maryland 20910
Montgomery County

      Defendant

Civ. No. RWT 06 CV 2824

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. PRELIMINARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages, temporary and permanent injunctive relief, and the costs of this action against defendant Holy Cross Hospital of Silver Spring, Incorporated for violations of the Federal Credit Billing Act, 15 U.S.C. § 1666, (hereinafter "FCBA"); the Federal Credit Reporting Act, 15 U.S.C. § 1681 et seq., (hereinafter "FCRA") and the Fair and Accurate Credit Transactions Act of 2003, HR 2622, promulgated pursuant thereto (hereinafter "FACT").

## II. JURISDICTION

2. Jurisdiction of this court is invoked pursuant to 15 U.S.C. § 1640 (e), 28 U.S.C. § 1331 and § 1337, and 15 U.S.C. § 1681p. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. The Plaintiff, Carl D. Hayes Jr., (hereinafter "Plaintiff") is a natural person currently residing at 530 Winding Rose Drive, Rockville, Maryland, 20850. Plaintiff is a "consumer" as defined by § 1681(a) of the FCRA and an "obligor" as defined by § 1602.

5. Defendant Holy Cross Hospital of Silver Spring, Incorporated (hereinafter "HC Hospital") is a domestic corporation duly formed and licensed by the laws of the State of Maryland and doing business in the State of Maryland. HC Hospital is a "creditor" as defined by 15 U.S.C. § 1602 and a "furnisher" as defined by 15 U.S.C. § 1681(a).

6. At all times relevant hereto, defendant HC Hospital regularly extended and extends open credit to patients and was and is subject to compliance with the FCBA.

7. At all times relevant hereto, defendant HC Hospital performed and performs billing and collection activities and was and is subject to compliance with the FCRA.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff's wife, Monica Hayes, was hospitalized at HC Hospital from April 2, 2005 to April 6, 2005.

Case 8:06-cv-02824-RWT   Document 1   Filed 10/27/06   Page 3 of 11


9. Plaintiff was the obligor for his wife's hospital stay in Paragraph 8 above.

10. During her hospital stay in Paragraph 8 above, Plaintiff's wife did not have hot water available in her hospital room to bathe for a period of approximately four days.

11. During her hospital stay in Paragraph 8 above, Plaintiff's wife was initially assigned an IV pump that had not been properly sanitized.

12. On or around July 6, 2005, HC Hospital mailed an invoice dated July 6, 2005 to Plaintiff's wife. See Exhibit A.

13. Invoice in Paragraph 12 above was for the hospitalization of Plaintiff's wife as described in Paragraph 8 above.

14. Invoice in Paragraph 12 above had account number M0509200113 (hereinafter "Account") assigned for the billing of the hospitalization of Plaintiff's wife as described in Paragraph 8 above.

15. Plaintiff mailed a letter dated August 18, 2005, with an attached copy of the invoice described in Paragraph 12 above, via first class mail by the United States Postal Service disputing certain itemized costs in the invoice described in Paragraph 12 above. See Exhibit B.

16. Plaintiff obtained a Certificate of Mailing on August 18, 2005 as proof of mailing the dispute letter in Paragraph 15 above to defendant HC Hospital. See Exhibit C.

17. In or around October 2005, HC Hospital assigned the Account to Nationwide Credit Corporation (hereinafter "Nationwide"), a collection agency located at 5503 Cherokee Ave., Suite 200, Alexandria, VA 22312.

18. Nationwide is licensed to operate as a collection agency in the State of Maryland.

19. Plaintiff received a credit alert on or around January 22, 2006 from Equifax Credit Information Services, Inc., a consumer reporting agency and credit reporting agency as defined by the FCRA.

20. Plaintiff was not notified or made aware of HC Hospital's continued collection activity until receiving the credit alert stated in paragraph 19 above.

21. The credit alert described in Paragraph 19 above indicated that Nationwide had listed the Account as a collection account on Plaintiff's credit report, as defined by the FCRA.

22. Plaintiff called Nationwide on January 23, 2006 and spoke with a Nationwide employee who said his name was David Silver (hereinafter "Silver").

23. During the conversation in Paragraph 22 above, Silver told Plaintiff that the Account was listed on Plaintiff's credit file due to an alleged past due balance owed to HC Hospital.

24. During the conversation in Paragraph 22 above, Plaintiff told Silver that there was an unresolved billing dispute regarding the Account.

25. During the conversation in Paragraph 22 above, Silver told Plaintiff that the Account would be deleted from Plaintiff's credit file if Account were paid off or if no balance were due.

26. Plaintiff called Nationwide on or around February 1, 2006 and spoke with a Nationwide employee who said her name was "Ms. Hawkins."

27. During the conversation in Paragraph 26 above, Ms. Hawkins referred Plaintiff to HC Hospital for any discussion of the Account's status and its reporting to credit reporting agencies.

28. Plaintiff sent a letter dated February 3, 2006 to defendant HCH. See Exhibit D.

29. Plaintiff notified HC Hospital of the unresolved billing dispute in his letter described in Paragraph 28 above.

30. To amicably and to expeditiously resolve the dispute, Plaintiff offered in his letter described in Paragraph 28 above to pay the disputed balance only if defendant HCH agreed to delete the Account from Plaintiff's credit file.

31. Plaintiff expressly stated in his letter described in Paragraph 28 above that he did not waive any rights in disputing the Account's balance.

32. Plaintiff expressly stated his letter described in Paragraph 28 above that the conditional payment was only an offer to expedite an amicable resolution.

33. Plaintiff expressly stated in his letter described in Paragraph 28 above that HC Hospital should only accept the conditional payment if HC Hospital agreed to delete the Account from reporting on Plaintiff's credit file.

34. HC Hospital accepted and cashed the payment, as described in Paragraphs 30 through 33 above, on or around February 16, 2006. See Exhibit E.

35. Plaintiff sent HC Hospital a letter dated February 20, 2006 indicating that the Account had not been deleted from Plaintiff's credit file, pursuant to the conditional endorsement as specified in the letter described in Paragraph 28 above. See Exhibit F.

36. HC Hospital sent a letter signed by its employee Julie D. Keese (hereinafter "Keese") dated March 3, 2006 to Plaintiff's wife that indicated that HC Hospital refused to delete the Account from Plaintiff's credit file. See Exhibit G.

37. Plaintiff sent a letter dated March 14, 2006 to Keese's attention at HC Hospital indicating that HC Hospital was non compliant with the FCBA and FCRA. See Exhibit H.

38. HC Hospital sent a letter dated March 22, 2006 signed by Keese to Plaintiff indicating that HC Hospital would investigate the Account upon receipt of a signed disclosure agreement by Plaintiff's wife. See Exhibit I.

39. Plaintiff's wife signed the required disclosure agreement, described in Paragraph 38 above, and sent it to HC Hospital on or around March 27, 2006. See Exhibit J.

40. HC Hospital sent a letter dated April 11, 2006 to Plaintiff stating that HC Hospital refused to delete the Account from Plaintiff's credit file. See Exhibit K.

41. Plaintiff sent a letter dated May 9, 2006 to HC Hospital indicating that HC Hospital violated the FCBA when it assigned the Account to Nationwide. See Exhibit L.

42. HC Hospital sent a letter dated May 25, 2006 to Plaintiff that referred Plaintiff to HC Hospital's In-House Counsel for any further discussion of Account. See Exhibit M.

43. Plaintiff sent Nationwide a letter dated May 31, 2006 notifying Nationwide of the HC Hospital violated the FCBA when it assigned to Account to Nationwide and that the Account being reported on Plaintiff's credit file was a violation of the FCRA. See Exhibit N.

44. Nationwide sent Plaintiff a letter dated June 6, 2006 indicating that Nationwide had requested that HC Hospital consent to deleting the Account from Plaintiff's credit file. See Exhibit O.

45. Nationwide sent Plaintiff a letter dated June 19, 2006 indicating that HC Hospital denied Nationwide's request to delete the Account from Plaintiff's credit file. See Exhibit P.

46. HC Hospital refused to permit Nationwide to delete the Account from continued reporting to credit reporting agencies. See Exhibit P.

47. As a result of the acts alleged above, Plaintiff suffered headaches, nausea, and insomnia.

## V.   FIRST CAUSE OF ACTION

48. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 47 above.

49. HC Hospital violated 15 U.S.C. § 1666 (e) by assigning the Account to Nationwide for collection.

50. Pursuant to 15 U.S.C. § 1602, HC Hospital extended open-end credit to Plaintiff for and during his wife's stay in Paragraph 8 above.

51. Pursuant to 15 U.S.C. § 1666 (b)(3), the hospital room having no hot water, as described in Paragraph 10 above, is defined as a billing error since the room was not in accordance with industry standards and Plaintiff did not agree to such substandard condition.

52. Plaintiff satisfied all criteria for properly disputing the billing error with HC Hospital, as mandated by the FCBA§ 1666(a).

53. HC Hospital forfeited its rights to collect the disputed amount described in Paragraph 14 above by its non compliance with FCBA § 1666 (a)(3)(B).

54. HC Hospital violated FCBA 1666 (e) by assigning the Account to Nationwide for further collection activity.

55. HC Hospital's acts as described above were done intentionally with the purpose of coercing plaintiff to pay the forfeited debt.

56. As a result of above violations of the FCBA, HC Hospital is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and costs.

## VI. SECOND CAUSE OF ACTION

57. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 56 above.

58. HC Hospital violated 15 U.S.C. § 1681s-2 of the FCRA by requiring Nationwide to report the Account as a collection account to credit reporting agencies.

59. Due to HC Hospital's non compliance with the FCBA, as described in Paragraphs 1 through 56 above, the Account should not have been assigned to Nationwide.

60. Since the Account should not have been assigned to Nationwide, as alleged in Paragraph 54 above, HC Hospital should delete the Account from reporting on Plaintiff's credit file.

61. Since the Account should not have been assigned to Nationwide, as alleged in Paragraph 54 above, HC Hospital should not force Nationwide to report the Account on Plaintiff's credit file.

62. By belief and inference, HC Hospital is acting maliciously to defame Plaintiff's character by its willful non compliance with the FCRA.

63. As a result of above violations of the FCRA, HC Hospital is liable to the plaintiff for injunctive and declaratory relief and for compensatory damages, statutory damages, punitive damages and costs.

## VII. THIRD CAUSE OF ACTION

64. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 63 above.

65. HC Hospital violated 15 U.S.C. § 1681s-2 of the FCRA by not indicating the Account was disputed after receiving Plaintiff's letters dated February 3, 2006, March 14, 2006 and May 9, 2006. See Exhibits D, F, H, and L.

66. The FCRA expressly states, *"If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."*

67. Plaintiff notified HC Hospital that the Account's reported information to consumer reporting agencies was being disputed as inaccurate. See Exhibits D, F, H and L.

68. By belief and inference, HC Hospital acted maliciously to defame Plaintiff's character by not reporting to the consumer reporting agencies that the Account was disputed by Plaintiff.

69. As a result of above violations of the FCRA, HC Hospital is liable to the plaintiff for injunctive and declaratory relief and for compensatory damages, statutory damages, punitive damages and costs.

## VIII.  FOURTH CAUSE OF ACTION

70. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 69 above.

71. HC Hospital is in violation of 15 U.S.C. § 1681n for its willful noncompliance of the FCRA.

72. Plaintiff notified HC Hospital that the Account's reported information to consumer reporting agencies was being disputed as inaccurate. See Exhibits D, F, H and L.

73. Plaintiff indicated to HC Hospital in the letters described in Paragraph 72 above that HC Hospital was in violation of the FCRA.

74. HC Hospital sent 3 separate letters signed by Keese to Plaintiff that indicated that HC Hospital refused to delete the Account from reporting on Plaintiff's credit file. See Exhibits G, K and M.

75. HC Hospital denied Nationwide's request to delete the Account from Plaintiff's credit file. See Exhibit P.

76. By belief and inference, Keese acted with malice in perpetuating HC Hospital's non compliance with the FCBA and FCRA.

77. Pursuant to the Laws of Agency and the doctrine of respondeat superior, HC Hospital is liable to Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of Keese.

78. By belief and inference, HC Hospital is acting maliciously to defame Plaintiff's character by its willful non compliance with the FCRA.

79. As a result of above violations of the FCBA and FCRA, HC Hospital is liable to the Plaintiff for injunctive and declaratory relief and for compensatory damages, statutory damages, punitive damages and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered, jointly and severally, against the defendant for the following:

A. Declaratory judgment that defendant's conduct violated the FCBA and FCRA, and declaratory and injunctive relief for the relief of defendant HC Hospital's violations of the FCBA and FCRA;

B. Actual and compensatory damages;

C. Maximum Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n;

D. Maximum Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681s-2;

E. Punitive damages of $5,000.00; and

F. For such other and further relief as the Court deems appropriate.

**Please take notice that Plaintiff demands trial by jury for all triable actions.**

_____
Carl D. Hayes, Jr.
Pro Se
530 Winding Rose Drive
Rockville, MD 20850
(240) 593-6113 voice
(928) 597-6113 fax
cdhjr@comcast.net